IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PEGGY QUINN, KEVIN QUINN, and BRUNNER HOMES AND CONSTRUCTION, INC.,<br><br>Defendants. | CV 18–76–M–DWM<br><br><br>ORDER |

Plaintiff Atlantic Casualty Insurance Company brought this suit in April 2018. (Doc. 18.) The Court granted partial summary judgment in June 2019, (Doc. 71), after which the parties jointly moved to stay the proceedings "pending resolution of the underlying state court action," (Doc. 74 at 2). The Court stayed the case on June 27, 2019. (Doc. 75.)

On July 15, 2019, Defendant Brunner Homes and Construction filed a status report indicating that the parties had unsuccessfully attempted to mediate and the underlying action was ongoing. (Doc. 76.) On January 15, 2020, Brunner Homes filed another status report stating that "claims in the underlying action [were] pending" and negotiations between Atlantic Casualty were continuing. (Doc. 77 at

1

2.) On July 15, 2020, Brunner Homes indicated that negotiations between Atlantic Casualty and Brunner Homes had resulted in a "proposed settlement" that would limit the scope of remaining claims against other parties in the underlying action. (Doc. 78 at 2.) However, on January 15, 2021, Brunner Homes filed another status update, indicating that the "proposed partial settlement" had not yet been executed, and a new judge had been substituted in the underlying action. (Doc. 79 at 2.)

Subsequently, the Court ordered the parties to file the proposed pretrial settlement by February 19, 2021, noting that "[i]f the matter is not settled by that date, and unless good cause is shown, the stay will be lifted and the case will proceed." (Doc. 80 at 1.) On February 19, 2021, Defendants Peggy and Kevin Quinn filed an agreement of partial settlement related to the underlying action. (Doc. 81; *see also* Doc. 81-1.) The Court then instructed the parties to file a status update by April 14, 2021, "informing the Court of (1) what issues and/or claims remain for resolution in this Court, (2) the new scheduling order in the underlying action in the state court, and (3) whether, given the settlement between the Quinns and Brunner Homes, the stay should remain in place." (Doc. 82 at 2.)

Atlantic Casualty and Defendants filed two different status reports on April 14, 2021. (Docs. 83, 84). Atlantic Casualty stated it was aware of seven remaining claims, it was unaware of a new scheduling order in the underlying action, and that the stay should remain in place. (Doc. 83 at 2–4.) By contrast,

2

Defendants identified three pending claims, stated that "[a] draft scheduling order in the underlying matter has been circulated," and the Quinns supported keeping the stay in place while Brunner Homes might "seek a limited lifting of the stay." (Doc. 84 at 2–3.) The Court noted that the responses indicated that the parties were not on the same sheet of music and ordered the stay to remain in place. (Doc. 85.) Specifically, the Court ordered "that the stay shall remain in place until October 21, 2021. At that time, the stay will be lifted or the case will be dismissed pursuant to Federal Rule of Criminal Procedure 41(b) for failure to prosecute." (*Id.* at 2.)

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Here, the stay in this case has been in place for over two years, and the Court emphasized six months ago that, by October 21, 2021, action was required. Accordingly, the parties having been given notice,

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

DATED this 22nd day of October, 2021.

Donald W. Molloy, District Judge
United States District Court

3